UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| THE SHREVEPORT GROUP, L.L.C. | CIVIL ACTION NO. 06-0377 |
| versus | JUDGE HICKS |
| ZURICH NORTH AMERICAN INSURANCE COMPANY, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

The Shreveport Group, L.L.C. (the "LLC") filed this action in state court against Zurich North American Insurance Company d/b/a Maryland Casualty Company ("Maryland Casualty"), which is alleged to be the insurer of a four story building located in downtown Shreveport that is owned by the L.L.C. The LLC alleges that its building suffered significant damage that is covered under a policy of insurance issued by Maryland Casualty and that Maryland Casualty has not made a fair and prompt adjustment of the claim.

Maryland Casualty removed the case based on an assertion of diversity jurisdiction. The facts and allegations set forth in the notice of removal and the state court petition appear adequate to meet Maryland Casualty's burden of establishing the requisite amount in controversy. Maryland Casualty has also correctly alleged its own citizenship, but the citizenship of the LLC is not properly alleged.

Most states deem an LLC to be an unincorporated association. See, e.g., La. R.S. 12:1301(10). An unincorporated association is a citizen of each state of which any member is a citizen. Its state of organization and principal place of business are irrelevant. Cosgrove

v. Bartolotto, 150 F.3d 729, 731 (7th Cir. 1998); Handelsman v. Bedford Village Assocs. L.P., 213 F.3d 48 (2d Cir. 2000); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827 (8th Cir. 2004); Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 694 (7th Cir. 2003).

The Petition alleges that John Paul Cariere was the sole member and manager of the LLC in 2002, when building in question was purchased by the LLC. Petition, ¶ 3. However, there are no allegations in the Petition or in the Notice of Removal regarding the state of Mr. Cariere's citizenship or whether Mr. Cariere is still a member of the LLC. It is unknown whether the LLC had other members at the time of the removal.

Accordingly, Maryland Casualty is directed to file by **June 19, 2006** an **Amended Notice of Removal** pursuant to 28 U.S.C. § 1653 that identifies and alleges the citizenship of *each* member of The Shreveport Group, L.L.C. If members are themselves entities or associations, the citizenship must be traced through however many layers of members there may be, and failure to do so can result in dismissal for want of jurisdiction. Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th Cir. 2002).

Maryland Casualty is granted leave to conduct discovery, if necessary, to learn the identity and citizenship of the members of the LLC. Formal discovery on this issue is often unnecessary because counsel for an LLC or other entity will voluntarily provide opposing counsel with the necessary information, and the court encourages such cooperation in this case. If Maryland Casualty has to pursue formal discovery to learn the information necessary

to plead the citizenship of the LLC, it may request more time to file its amended notice of removal.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 19th day of May, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE